H. MARK MERSEL, California Bar No. 130382
ANNE REDCROSS BEEHLER, California Bar No. 312125
OLIVIA J. SCOTT, California Bar No. 329725
**BRYAN CAVE LEIGHTON PAISNER LLP**
1920 Main Street, Suite 1000
Irvine, California  92614-7276
Telephone:  (949) 223-7000
Facsimile:   (949) 223-7100
E-Mail:     mark.mersel@bclplaw.com
            anneredcross.beehler@bclplaw.com
            olivia.scott3@bclplaw.com

Attorneys for Plaintiff
RIC (CCV), LLC, a California limited liability company

# UNITED STATES DISTRICT COURT FOR THE

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| RIC (CCV), LLC, a California limited liability company,<br><br>              Plaintiff,<br><br>    v.<br><br>STEVEN R. WALLACE, an individual,<br><br>              Defendant. | Case No. 22-cv-08021<br><br>Hon. Ronald S.W. Lew<br><br>**FIRST AMENDED COMPLAINT FOR BREACH OF GUARANTY AGREEMENT**<br><br>Complaint Filed:   November 2, 2022 |

Plaintiff RIC (CCV), LLC, a California limited liability company ("**Plaintiff**"), by and through its attorneys, brings this first amended complaint for breach of a written loan guarantee by Steven R. Wallace ("**Guarantor**" or "**Defendant**"). Plaintiff files this first amended complaint solely to include the citizenship of Plaintiff's sole member in paragraph three. No other substantive amendments have been made to the original complaint. Plaintiff hereby alleges as follows:

## PARTIES

1. Plaintiff is, and at all times relevant to the allegations in this complaint has been, a California limited liability company.

2. Plaintiff's principal place of business is in Ontario, Canada.

3. Plaintiff's manager and sole member is a Delaware corporation, with a principal place of business in Ontario, Canada.

4. Effective September 19, 2022, Plaintiff changed its entity name from "RIC (Orcutt), LLC" to "RIC (CCV), LLC."

5. Borrower CCV Holdings, LLC, a Utah limited liability company ("**Borrower**") is, and at all times relevant to the allegations in this complaint has been, a Utah limited liability company with a principal place of business located in Salt Lake City, Utah.

6. Guarantor is an individual who is, and at all times relevant to the allegations in this complaint has been, a resident of Salt Lake City, Utah.

7. Guarantor is, and at all times relevant to the allegations in this complaint has been, the managing member of Borrower.

## JURISDICTION AND VENUE

8. The Court has original jurisdiction on the basis of diversity pursuant to 28 U.S.C. § 1332(a)(1). First, Plaintiff is a citizen of Canada and Delaware, and Defendant is a citizen of Utah. Accordingly, the instant dispute involves citizens of different states. Second, the amount in controversy exceeds $75,000.00, as is evidenced herein. Moreover, sections 16.6.1, 16.6.2 and 16.6.3 of the Guaranty Agreement (defined below) contain a forum selection clause requiring application of California law to those disputes arising from or relating to the parties' contracts, and venue consent provisions authorizing Plaintiff to file and pursue this action in this Court.

## NATURE OF ACTION

9. This is an action by Plaintiff to recover monetary, post-foreclosure damages of more than $13 million caused by Defendant's breach of those payment and performance obligations owed to Plaintiff by Defendant pursuant to that certain Guaranty Agreement (defined herein).

## GENERAL ALLEGATIONS

**The Loan and the Guaranty**

10. On or about March 11, 2019, Plaintiff's predecessor-in-interest, Romspen California Mortgage Limited Partnership ("**Original Lender**") and Borrower entered into a loan agreement ("**Loan Agreement**") evidencing Original Lender's agreement to loan Borrower the original principal amount of $14,000,000.00 ("**Loan**"). The Loan is further evidenced by that certain Promissory Note given by Borrower in favor of Original Lender dated as of March 11, 2019, in the principal amount of the Loan ("**Note**"). True and correct copies of the Loan Agreement and the Note are attached hereto as **Exhibits A** and **B**, respectively; and each document is incorporated herein as though fully set forth.

11. Borrower granted Original Lender a first priority lien interest in and to certain real and personal property located in Calimesa, California ("**Borrower Property**") as more specifically described in, and pursuant to, among other things: (i) that certain Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated as of March 11, 2019, and recorded on March 13, 2019, in the Riverside County, California, Recorder's Office at Document No. 2019-0085240 executed by Borrower for the benefit of Original Lender ("**Deed of Trust**"); and (ii) that certain Security Agreement dated as of March 11, 2019, given by Borrower in favor of Original Lender ("**Borrower Security Agreement**"), which lien interest was perfected upon the filing of that certain UCC Financing Statement on March 19, 2019, in the Utah Department of Commerce at File Number 562719201944 naming Borrower as debtor ("**Borrower UCC Filing**"). True and correct copies of the Deed of Trust, the Borrower Security Agreement, and the Borrower UCC Filing are attached hereto as **Exhibits C, D,** and **E**, respectively; and each document is incorporated herein as though fully set forth.

12. The Loan Agreement, the Note, the Deed of Trust, the Borrower Security Agreement,

and the Borrower UCC Filing are referred to collectively herein as the "**Borrower Loan Documents**."

13. Guarantor granted Original Lender a first priority lien interest in and to certain personal property ("**Guarantor Property**") as more specifically described in, and pursuant to, among other things, that certain Security Agreement dated as of March 11, 2019, given by Guarantor in favor of Original Lender ("**Guarantor Security Agreement**") which lien interest was perfected upon the filing of that certain UCC Financing Statement on March 19, 2019, in the Utah Department of Commerce at File Number 562718201943 naming Guarantor as debtor ("**Guarantor UCC Filing**"). True and correct copies of the Guarantor Security Agreement and the Guarantor UCC Filing are attached hereto as **Exhibits F** and **G**, respectively; and each document is incorporated herein as though fully set forth.

14. Guarantor guaranteed Borrower's payment and performance obligations under the Loan pursuant to that certain Guaranty Agreement dated March 11, 2019, executed by Guarantor in favor of Original Lender ("**Guaranty Agreement**"). A true and correct copy of the Guaranty Agreement is attached hereto as **Exhibit H** and is incorporated herein as though fully set forth.

15. The Guarantor Security Agreement, the Guarantor UCC Filing, and the Guaranty Agreement are referred to collectively herein as the "**Guarantor Documents**."

16. The Borrower Loan Documents and the Guarantor Documents are referred to collectively herein as the "**Loan Documents**."

17. Pursuant to the Loan Documents, Borrower agreed, among other things, to: (1) make monthly interest payments on the unpaid balance of the Loan; and (2) repay the entire outstanding unpaid balance by no later than the maturity date.

18. Pursuant to the Loan Documents, the Loan became immediately due and payable no later than the stated maturity date of September 30, 2020.

19. Pursuant to the Loan Documents, upon the occurrence of an event of default as defined in the Loan Documents, Borrower agreed to pay interest at a rate of 15.50% per annum ("**Default Rate**").

20. The Guaranty Agreement expressly provides that Guarantor "absolutely and

unconditionally guarantees to [Original Lender] the full and prompt payment and performance when due, whether at maturity or earlier by reason of acceleration or otherwise, of the Obligations." Exhibit H, para. 2.

21. The Guaranty Agreement provides that "Guarantor will pay or reimburse [Original Lender] for all costs, expenses and attorneys' fees paid or incurred by [Original Lender] in endeavoring to collect and enforce the Obligations and in enforcing this Guaranty." Guaranty Agreement, Section 9.

22. Guarantor unconditionally and irrevocably waived any and all defenses, counterclaims, and rights that are or may otherwise become available to guarantors. *See* Guaranty Agreement, Section 11.

**Forbearance Agreements**

23. The Loan matured by its terms on September 30, 2020.

24. Defendants did not repay the Loan when in matured on September 30, 2020.

25. On or about February 19, 2021, Original Lender and Defendants entered into that certain Forbearance & Loan Modification Agreement ("**Forbearance Agreement**").

26. The Forbearance Agreement was amended twice: On or about May 25, 2021 ("**First Forbearance Amendment**"), and on or about July 5, 2021 ("**Second Forbearance Amendment**"). True and correct copies of the Forbearance Agreement, the First Forbearance Amendment, and the Second Forbearance Amendment are attached hereto as **Exhibits I, J,** and **K** respectively, and each document is incorporated herein as though fully set forth.

27. In the Forbearance Agreement, Borrower and Defendant each acknowledged, among other things: (i) the validity and enforceability of the Loan Documents; (ii) the Event of Default caused by the failure to repay the Loan when it matured on September 30, 2020; and (iii) Original Lender's full and complete performance of its obligations under the Loan Documents.

28. In the Forbearance Agreement, the First Forbearance Amendment, and the Second Forbearance Amendment, both Borrower and Defendant broadly released Original Lender from any and all claims and/or causes of action arising in any way relating to the Loan.

29. Pursuant to the Forbearance Agreement, Original Lender agreed to forbear from

enforcing its rights and remedies under the Loan Documents until no later than July 21, 2021.

30. The period of Lender's forbearance expired no later than July 21, 2021, and both Borrower and Defendant failed to repay the fully matured Loan.

**Demand and Foreclosure**

31. By letter dated April 7, 2022 , Original Lender (through its counsel) among other things: (i) notified Borrower and Defendant that the Event of Default arising from the failure to repay the matured Loan had not been cured; (ii) notified Borrower and Defendant that the period of forbearance agreed upon in the Forbearance Agreement had expired; and (iii) demanded that Borrower and Defendant repay the Loan in full by no later than April 18, 2022.  A true and correct copy of the April 7, 2022 letter is attached hereto as **Exhibit L** and is incorporated herein as though fully set forth.

32. Borrower and Defendant failed to repay the Loan as demanded by Original Lender.

33. On or about August 22, 2022, Original Lender assigned all of its right, title and interest in and to the Loan Documents to Plaintiff as set forth in, among other things: (i) that certain Omnibus Assignment of Loan Documents dated August 22, 2022; (ii) that certain Allonge to Promissory Note dated August 22, 2022; and that certain Assignment of Beneficial Interest under Deed of Trust dated August 22, 2022 and recorded in the Official Records on August 29, 2022 at Instrument No. 2022-0375191.   A true and correct copy of the foregoing documents are attached hereto as **Exhibits M, N** and **O**, respectively, and each document is incorporated herein as though fully set forth.

34. On August 23, 2022, Plaintiff's senior lien interest in and to the real property and certain of the personal property comprising the Borrower Property was foreclosed at a properly conducted, duly noticed non-judicial trustee's sale for a credit bid of $7,500,000.00 ("**Foreclosure Proceeds**").

35. After crediting the Foreclosure Proceeds against the outstanding balance due and owing under the Loan, an unpaid Loan balance of more than $13 million remained.

36. By letter dated September 12, 2022, Plaintiff (through its counsel) demanded that Borrower and Defendant pay the remaining outstanding post-foreclosure Loan balance by no later

than September 19, 2022. A true and correct copy of the September 12, 2022, letter is attached hereto as **Exhibit P** and is incorporated herein as though fully set forth.

37. To date, neither Borrower nor Defendant has repaid the outstanding post-foreclosure Loan balance.

## FIRST CAUSE OF ACTION

### (Breach of Guaranty Agreement)

38. Plaintiff repeats and incorporates each of the allegations contained in Paragraphs 1 through 37 above, as if fully set forth herein.

39. Plaintiff has performed all conditions and obligations on its part under the Loan Documents that have not been otherwise excused or rendered moot as a result of the foregoing defaults and breaches.

40. The Loan has matured by its terms, and the entire balance became immediately due and payable as of September 30, 2020.

41. Guarantor is and continues to be in material breach of his obligations under the Guarantor Documents by, among other breaches, failing and refusing, and continuing to fail and refuse, to repay the full outstanding balance of the Loan despite Plaintiff's demands.

42. It is well-settled under California law that Defendant is liable for a deficiency judgment on his Guaranty Agreement, calculated as the difference between the total amount of the debt and the credit bid made at the foreclosure sale, with no regard to a fair market value determination. This is true especially in cases where, as here, there is a provision in the guarantee, such as Section 17.3(2) of the Guaranty Agreement, which provides that: "If Lender forecloses on any real property collateral pledged by Borrower, (A) The amount of the debt may be reduced only by the price for which that collateral is sold at the foreclosure sale, even if the collateral is worth more than the sale price."

43. As of September 13, 2022, the post-foreclosure amount due and owing under the Guarantor Documents was no less than $13,592,635.34.

44. Since September 13, 2022, interest at the Default Rate as defined in the Loan Documents has continued to accrue.

45. Plaintiff is also entitled to recover its costs and fees, including but not limited to attorneys' fees incurred in enforcing its rights and remedies under the Loan Documents and Guarantor Documents, in an amount presently unknown but to be proven at the time of trial of this matter.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant on the cause of action as follows:

1. Plaintiff recover all such actual damages proximately caused by Defendant's breaches of the Guaranty Agreement in the amount of no less than $13,592,635.34 as of September 13, 2022, with interest accruing at the Default Rate until the date of judgment in this matter plus, any other damages as the law shall permit and in an amount to be proven at trial;

2. For attorneys' fees and costs recoverable pursuant to the Loan Documents and Guarantor Documents; and

3. For such other and further relief as the Court may deem just and proper.

Dated: January 23, 2023

**BRYAN CAVE LEIGHTON PAISNER LLP**
H. MARK MERSEL
OLIVIA J. SCOTT

By: _/s/ H. Mark Mersel_
H. Mark Mersel
Attorneys for Plaintiff
RIC (CCV), LLC